## CLEMENTS v. PITTSBURGH ELECTRIC SPECIALTIES CO.

(Circuit Court of Appeals, Second Circuit. December 3, 1923.)

### No. 94.

Patents ⊚�longdash⟶328—1,102,000, for a vacuum cleaner handle, held anticipated, and not to involve invention.

Patent No. 1,102,000, for a vacuum cleaner handle, *held* anticipated, and void for want of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by George Clements against the Pittsburgh Electric Specialties Company for infringement of a patent. Decree for defendant, and plaintiff appeals. Affirmed.

Francis W. Parker, Jr., of Chicago, Ill., Hubert A. Howson, of New York City, and Donald M. Carter, and Norman S. Parker, both of Chicago, Ill. (Howson & Howson, of New York City, of counsel), for appellant.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., Ross O. Hinkle, of Chicago, Ill., and Kiddle & Margeson, of New York City, for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Letters patent No. 1,102,000 were granted to the appellant on June 30, 1914, on an application filed November 12, 1913. The patent relates to a vacuum cleaner handle. The inventor says it relates to improvements in vacuum cleaner handles and is illustrated by his drawings. The claims relied on are 1 and 3. The first is a handle comprising an elongated solid handle rod, a cylindrical hollow casing mounted on and surrounding the end of the handle rod, an electric switch contained within said casing, having operating parts which project therethrough, and a grip mounted on said casing, projecting forward and rigidly attached thereto; said grip being inclined to the handle rod. The third is a handle comprising an elongated solid handle rod, a cylindrical hollow casing mounted on and surrounding the end of the handle rod, an electric switch contained within said casing having operating parts which project therethrough, and a grip mounted on said casing projecting forward and rigidly attached thereto, said grip being inclined to the handle rod, said casing having a curved, elbowlike extension to which the handle grip is attached. It is thus observed that the patent provides for a handle having a solid han-

---

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dle rod or stay and an inclined grip or hand piece at its top, with a switch casing positioned between the grip or hand piece and the handle rod; the switch casing containing an electric push button switch for controlling the vacuum cleaner motor. The invention is said to have gone into wide public use and met with considerable commercial success.

The District Court held that there was no invention in the appellant's construction. In 1912 the appellee produced and sold a handle which was offered in evidence, and which was so constructed as to have a casing on the handle rod, a switch arranged therein, and an inclined grip attached thereto. This casing was of sufficient size to contain a motor in addition to the switch. In 1915 the appellee changed its vacuum cleaner, so as to place the motor on the bottom, instead of at the top of the handle rod. This change enabled a smaller casing to be used on the handle, as it had to contain only the switch. The appellee's 1915 handle was the same as its 1912 handle, except in the form and size of the casing. The casing is a one-piece tube, interposed between the handle rod and the grip, to receive a standard push button switch. The push button switch is inserted in the casing with the push button removed and then the push button is applied. The handle is a unitary one-piece casing with an integrally inclined grip, and this was used until 1917, when a part wooden grip was substituted for an entire metal grip. Upon the trial the appellant's counsel stated:

"When the applicant filed his application, he probably thought the thing he had made was a much broader invention than it afterwards developed it was, so he put into his specifications some language which merely stated the perfectly obvious fact that the handles might be straight or curved."

We regard the appellee's 1912 vacuum cleaner as an anticipation of the patent in suit and claims 1 and 3 thereof. That handle had the motor and switch arranged within the casing—the operating button projecting through the casing, and the inclined grip attached to the casing. The switch in the casing was arranged in front of the grip, so that they might be readily operated without removing the hand from the grip. Of course, it was necessary to have a larger casing, in order to accommodate both the switch and the motor. The patented handle here differs only from the appellee's 1912 handle in having a smaller casing. But the claims of the suit defined only a handle with a casing interposed between the handle rod and the inclined grip, and a switch arranged within the casing. This was all contained in the 1912 handle. An examination of the file wrapper of the patent in suit discloses that the claims in suit were distinguished from the prior art in the Patent Office only in having the handle inclined instead of straight. Their reference clearly indicates that the handle with the inclined curve or straight grip was old for vacuum cleaners and other articles, such as the Overholt, the Premier, and appellee's 1912 handle.

In view of the admissions made in the file wrapper and by counsel in court, we regard the appellant as precluded from asserting any patentability in simply the combination of a handle rod, the casing, a switch in a grip, and a grip. This limitation was acquiesced in after rejection of the claims for that combination. Ironclad Mfg. Co. v.

Dairyman's Mfg. Co., 143 Fed. 512, 74 C. C. A. 372; Irwin v. Hasselman, 97 Fed. 964, 38 C. C. A. 587; Newark Spring Mattress Co. v. Ryan, 102 Fed. 693, 42 C. C. A. 594. If the claims in suit are limited to an inclined grip, they were anticipated, and, indeed, what was accomplished did not rise to the dignity of the invention.

Decree affirmed.